

FILED

`'` JUL -8 PM 1:22

CL...          ...
U...,  ...

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENT DUNWIDDIE, GRANT LINCOLN,
and EDWARD GOTOWALA, individually
and on behalf of others similarly situated,

     Plaintiffs,

vs.

CENTRAL LOCATING SERVICE, LTD.,
CORPORATION,

     Defendant.

_____/

Civil Case No.: *5:04-CV-315 Oc-106RJ*
COLLECTIVE ACTION

## COMPLAINT

### I.    INTRODUCTION

1.     This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") to recover unpaid overtime compensation owed to Plaintiffs Kent Dunwiddie, Grant Lincoln and Edward Gotowala (hereinafter "plaintiffs") and all others similarly-situated to them who were formerly or are currently employed as locators by Defendant Central Locating Service, Ltd., Corporation (hereinafter "CLS").

2.     CLS performs locating services throughout the state of Florida and twelve other states, including Alabama, Nevada, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Vermont, Virginia, Washington and West Virginia (collectively "the Geographic Region"). Throughout these states, CLS employs individuals known as "locators" to locate underground utilities.

3.      Throughout the liability period, the Southeast Regional Manager for CLS has maintained an office in Tavares, Florida.  On information and belief, the Tavares office oversees the operations of CLS in Alabama, Florida, and South Carolina.

4.      For at least three years prior to filing of this complaint and continuing (hereinafter "Liability Period"), CLS has had a policy and practice not to compensate its locators for work performed for the benefit of CLS from their homes, during their lunch breaks and while traveling to and from work.

5.      Pursuant to the FLSA, Dunwiddie, Lincoln and Gotowala, on behalf of themselves and all others similarly situated to them who were formerly or are currently employed as locators for CLS during the liability period, seek unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from CLS.

6.      Dunwiddie, Lincoln and Gotowala will request the Court to authorize concurrent notice to all locators who are employed by CLS or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

7.      Contemporaneously filed with this Complaint are Consent to Join forms signed by plaintiffs Dunwiddie, Lincoln, Gotowala and opt-in plaintiffs Christopher Heaps, Colby McClain, Scott Middleton, Elena Morales, Ashleigh Meiford, Joseph Odom, and Raul Torres.

## II.   JURISDICTION

8.     This Court has jurisdiction over this action pursuant to the Fair Labor

Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331,

1337.

## III.   VENUE

9.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where defendant

may be deemed to reside because CLS has its regional headquarters in Lake County.

## IV.   PARTIES

### Plaintiff Kent Dunwiddie

10.     Kent Dunwiddie (hereinafter "Dunwiddie") was, at all material times, a

resident of Volusia County, Florida.

11.     Dunwiddie was, at all material times, a covered, non-exempt employee of

CLS within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

12.     CLS employed Dunwiddie through its Tavares Regional Office as a locator

from approximately August 5, 2000 through approximately December 2, 2002.  CLS also

employed Dunwiddie as a locator from approximately July 2003 through approximately

March 29, 2004.

13.     CLS employed Dunwiddie as a general foreman from approximately

December 2, 2002 to approximately July 2003.

14.     During the portions of the Liability Period Dunwiddie worked for CLS as a

locator, CLS paid Dunwiddie on an hourly basis.

15.     During the portions of the Liability Period Dunwiddie worked for CLS as a locator, Dunwiddie regularly worked in excess of forty (40) hours per week, without receiving compensation for all hours worked over forty in a week.

## Plaintiff Grant Lincoln

16.     Grant Lincoln (hereinafter "Lincoln") was, at all material times, a resident of Hernando County, Florida.

17.     Lincoln, at all material times, a covered, non-exempt employee of CLS within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

18.     CLS has employed Lincoln as a locator from approximately 1991 through to the present.  During the liability period, Defendant has employed Lincoln out of its Tavares and Fort Myers offices.

19.     During the Liability Period, CLS paid Lincoln on an hourly basis.

20.     During the Liability Period, Lincoln regularly worked in excess of forty (40) hours per week, without receiving compensation for all hours worked over forty in a week.

## Plaintiff Edward Gotowala

21.     John Edward Gotowala (hereinafter "Gotowala") was, at all material times, a resident of Seminole County and Dade County, Florida.

22.     Gotowala was, at all material times, a covered, non-exempt employee of CLS within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

23.     During the liability period, Gotowala was employed through the Miami Regional Office of CLS as a locator from approximately June 2002 to approximately

November 24, 2002, and through the Sanford, Florida, office of CLS from January 16, 2003

to approximately October 17, 2003.

24.     During the Liability Period, CLS paid Gotowala on an hourly basis.

25.     During the Liability Period, Gotowala regularly worked in excess of forty (40)

hours per week, without receiving compensation for all hours worked over forty in a week.

### Defendant

26.     Defendant CLS is a foreign profit corporation with its principal place of

business in Willow Grove, Pennsylvania.

27.     Defendant CLS has its regional headquarters within the jurisdiction of this

Court in Tavares, in Lake County, Florida.

28.     Defendant CLS is subject to the requirements of the FLSA.

29.     Defendant CLS is the employer of Plaintiffs within the meaning of the FLSA,

29 U.S.C. § 203(d).

30.     At all times material hereto, defendant CLS was an "enterprise engaged in

commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of

$500,000 within the meaning of the FLSA.

### V. GENERAL FACTUAL ALLEGATIONS

31.     The allegations in paragraphs 31 through 65 occurred during the liability

period and throughout the Geographic Region.

32.     The primary duty of locators employed by CLS was to serve CLS's customers

by locating and marking underground utilities, including pipes, cables and wires.

33.    CLS provided its locators with a laptop computer, which they use in connection with their employment.

34.    CLS's computers contain an "air card," which enables the computer to transmit information from the laptop to a central computer at CLS.

35.    CLS provides locators employed with CLS-owned vehicles in which locators are required to travel to and from location sites.

36.    CLS does not permit locators to use CLS-owned vehicles for any personal use.

37.    CLS requires all locators to follow the same "fourteen step process" for conducting locations of utilities.  A violation of the fourteen step process constitutes grounds for termination.

38.    Step 1 of the "fourteen steps" requires the locators to "1.  Read Tickets / Make phone calls."  CLS does not compensate locators for the time they spend performing the duties described in Step 1.

39.    Prior to performing Step 1, locators must turn on their computers and download their "tickets" which constitute their work assignments.  Locators are not compensated by CLS for the time they spend performing this function.

40.    Step 2 of the "fourteen steps" requires the locators to "Route your tickets." The locators must sort their tickets preliminary to routing them.  CLS does not compensate locators for the time they spend performing the duties performed described in Step 2.

41.    Prior to traveling to their first work site or during that travel, locators are routinely required to call contractors whose tickets were either past due or getting close to

past due to coordinate with them about scheduling the location services.   Locators are not compensated by CLS for the time they spend performing this function prior to the time they arrive at their first location site.

42.     Step 3 of the "fourteen steps" requires the locators to "[g]et to the site. SAFELY." CLS does not compensate locators for the time they spend performing the duties described in Step 3.

43.     Locators routinely receive telephone or radio calls from supervisors, co-workers and/or contractors during their drive to their first location site of the day.

44.     CLS does not compensate locators for the time they spend traveling to their initial location site of the day.

45.     CLS does not permit locators to begin tracking their work time until they reach their first location site for the day, or until they reach "Step 4" of the "fourteen steps."

46.     CLS pressures locators to perform more locates than can typically be performed in a forty hour workweek.

47.     Due to the pressure to complete their assigned location jobs, locators routinely work through their assigned lunch breaks.

48.     CLS routinely docks its locators compensable time by one-half hour each day for "lunch" even when the locators are not relieved of their duties for thirty (30) minutes.

49.     CLS is aware that its locators routinely work through their assigned lunch breaks.

50.     CLS requires its locators to stop tracking their compensable time when upon their departure from their last location site of the day.

51.     After leaving their last location site for the day, CLS prohibits its locators from deviating from their route for any personal reason or from engaging in any personal use of the vehicle.

52.     Locators routinely receive calls from supervisors, co-workers and/or contractors during their drive home.

53.     CLS does not compensate locators for their travel time home from their final location site of the day.

54.     Upon arriving at their homes, CLS requires its locators to monitor their computers and Nextel radios and be to respond to emergencies until 5:00 p.m.  During this time period, locators perform additional duties such as routing tickets for their next day of locating and calling their supervisors and contractors,

55.     CLS's locators spend a substantial amount of time for the benefit of CLS performing the duties enumerated in paragraphs 38 through 54 prior to their arrival at their first location site of the day and subsequent to their departure from their last location site of the day.

56.     CLS only pays locators for the time of their arrival at their first location site of the day until the time of their departure from their final location site of the day.

57.     Locators do not have supervisory authority over any employees.

58.     Locators regularly work a substantial amount of hours over forty each week.

59.     Defendants are aware locators regularly perform the functions enumerated in paragraphs 43 through 59 each work day without compensation.

60.    Plaintiffs have complained to CLS management about CLS's failure to compensate him for the duties described in paragraphs 38 through 54 but CLS has taken no corrective action in response.

61.    During the relevant time period, defendants did not make, keep or preserve time records of the hours locators spent performing the functions described in paragraphs 43 through 59.

62.    CLS does not compensate its locators at the rate of one and one-half times their regular rate for all hours worked over forty each week.

63.    Locators are not exempt from the maximum hour requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

64.    There are numerous persons similarly-situated to Plaintiffs who are or were employed as locators for CLS during the liability period.

65.    During the liability period, CLS willfully and recklessly denied compensation to locators for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay to locators it employed during the liability period.

## VI. **FIRST CLAIM**

66.    The allegations in paragraphs 1-65 are incorporated by reference herein.  By its actions alleged above, CLS willfully, knowingly and/or recklessly violated the provisions of FLSA which require overtime compensation to non-exempt employees, 29 U.S.C. §§ 207 and 211(c).

67.    As a result of the unlawful acts of defendants, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be

determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs and all employees similarly situated who join in this action pray for this Court:

A.      To authorize the issuance of notice at the earliest possible time to all CLS Locators who were employed by defendant during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week, during the Liability Period, but were not paid overtime as required by the FLSA;

B.      To declare that CLS has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated;

C.      To declare that CLS's violations of the FLSA were willful;

D.      To award Plaintiffs, and other similarly situated current and former CLS locators, damages for the amount of unpaid overtime compensation subject to proof at trial;

E.      To award Plaintiffs, and other similarly situated current and former CLS locators, liquidated damages in an amount equal to the overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

F.      If liquidated damages are not awarded, then the court should award, in the alternative, prejudgment interest;

G.      To make the same declarations and awards as prayed for in paragraphs A-F

above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H.      To award Plaintiffs, and other similarly situated current and former CLS

locators, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).


Dated:  July 8, 2004                        Respectfully submitted,


                                            SAM J. SMITH, Trial Counsel
                                            Florida Bar Number 818593
                                            MARGUERITE M. LONGORIA
                                            Florida Bar Number 998915
                                            BURR & SMITH, LLP
                                            442 West Kennedy Blvd., Suite 300
                                            Tampa, Florida  33606
                                            813/253-2010
                                            813/254-8391 (facsimile)

                                            J. DEREK BRAZIEL
                                            Texas Bar Number 00793380
                                            EDWARDS & GEORGE, LLP
                                            208 N. Market Street, Suite 400
                                            Dallas, Texas  75202
                                            214/749-1400
                                            214/749-1010 (facsimile)

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.      I, ___Kent E. Dunwiddie___ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,  to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.      I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _5·13·04_     _____
                    Signature

                    _Kent E. Dunwiddie_____
                    Printed Name

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.      I, *Grant J. Lincoln* hereby consent and agree and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover unpaid wages and overtime from my current/former employer, Central Locator Services, Ltd., and any of its officers, agents, parent corporations, subsidiaries and representatives (collectively, "CLS.")

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to share in any amounts recovered by the Representative Plaintiff whether by judgment, settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P., to represent me in this action.

Date: 5/25/04

Signature

GRANT J. LINCOLN
Printed Name

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.   I, _Edward J. Gotowala_ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,   to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.   I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.   I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.   I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _5/13/04_    _____
                   Signature

                   _Edward J. Gotowala_
                   Printed Name

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.      I, _CHRISTOPHER G. HEAPS_____ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,   to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.      I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.


Date: _5-13-04_

_____
Signature

_CHRISTOPHER G. HEAPS_____
Printed Name

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.      I, _Colby J M CClain_ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,   to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.      I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _5/13/04_

_____
Signature

_Colby McClain_
Printed Name

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.     I, _Scotty Middleton_ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,   to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.     I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.     I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.     I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _5 -13-04_

_____
Signature

_Scotty Middleton_____
Printed Name

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.      I, _Elena Morales_ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,   to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.      I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _4-13-04_

_____
Signature

_Elena Morales_
_____
Printed Name

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.      I, _Ashley McFord_ , hereby consent and agree and opt-in to become

a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201, et seq.,  to recover unpaid wages and overtime from my

current/former employer, Central Locator Services, Ltd., and any of its officers, agents,

parent corporations, subsidiaries and representatives (collectively, "CLS.")

2.      I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.


Date: _5/13/04_                    _____
                                   Signature

                                   _____
                                   Printed Name

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.      I, _Joseph   ODom_ hereby consent and agree

and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq.,  to recover unpaid wages and

overtime from my current/former employer, Central Locator Services, Ltd., and any of its

officers, agents, parent corporations, subsidiaries and representatives (collectively

"CLS").

2.      I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.      I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.      I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _5-13-04_          _Joseph Hd_
                         Signature

                         _Joseph  H.  ODom_
                         Printed Name

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.        I, *Raul Torres Jr,* hereby consent and agree and opt-in to become

a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201, et seq.,  to recover unpaid wages and overtime from my

current/former employer, Central Locator Services, Ltd., and any of its officers, agents,

parent corporations, subsidiaries and representatives (collectively, "CLS.")

2.        I hereby agree to be bound by any adjudication of this action by the

Court, whether it is favorable or unfavorable.  I further agree to be bound by any

collective action settlement herein approved by my attorneys and approved by this

Court as fair, adequate, and reasonable.

3.        I acknowledge and understand that if I do not file this consent, I will not

be affected by any judgment or settlement rendered or reached in this lawsuit, whether

favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to

share in any amounts recovered by the Representative Plaintiff whether by judgment,

settlement or otherwise.

4.        I hereby designate Edwards & George, L.L.P. and Burr & Smith, L.L.P.,

to represent me in this action.

Date: _5/13/04_

_____
Signature

_Raul Torres Jr._
Printed Name