UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENT DUNWIDDIE, individually and on behalf of others similarly situated, GRANT LINCOLN, individually and on behalf of others similarly situated, EDWARD GOTOWALA, individually and on behalf of others similarly situated,,

             Plaintiffs,

v.                                          Case No.  5:04-cv-315-Oc-10GRJ

CENTRAL LOCATING SERVICE, LTD., CORPORATION,

             Defendant.
_____

## ORDER

Pending before the Court is Plaintiffs' Motion to Remail Section 216(B) Notice (Doc. 126), to which Defendant has filed a Response in Opposition.  (Doc. 130.)

The Court has conditionally certified a class of potential Plaintiffs under the Fair Labor Standards Act ("FLSA") and authorized a form of notice that may be sent to those included in the certified class, who must then affirmatively "opt-in" in order to become parties to this action.  (*See* Docs. 114, 123.)  Plaintiffs now request the Court to issue an order permitting Plaintiffs counsel to mail the Court-approved notice a second time, on the thirtieth day after the initial mailing of notice, to all those individuals in the putative class who have not responded to the initial Notice mailing.  For the following reasons, the Court concludes that Plaintiffs' Motion is due to be **DENIED**.

The district courts, in class actions brought pursuant to 29 U.S.C. § 216(b), have discretion whether to facilitate notice to potential opt-in plaintiffs,[1] which the Court has done in the instant case. However, "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties."[2] Accordingly, in a section 216(b) action, it lies within a district court's discretion to monitor preparation and distribution of the notice, in order to ensure that it is "timely, accurate, and informative."[3] Although courts have discretion to control the form and timing of the notice sent, in the interests of judicial neutrality, "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."[4]

In the instant case, the Court already has approved an informative, clear, and accurate notice to be provided to a class of potential plaintiffs and authorized its mailing to that class. Plaintiffs now seek to mail the notice a second time to potential plaintiffs who already have received and considered the notice.[5] Plaintiffs have failed to provide any particularized, factual reason supporting a second mailing of the same notice to potential plaintiffs. The Court concludes that multiple mailings of the notice to the same recipients will not accomplish any legitimate purpose that was not accomplished with the mailing of the original notice. The notice provides clear and specific information about

---

[1] Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989).

[2] Id. at 171 (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981)).

[3] Hoffmann-LaRoche Inc., 493 U.S. at 172.

[4] Id. at 174.

[5] Both parties acknowledge that this situation is distinct from the situation where a notice has been returned by the U.S. Post Office without being delivered to its intended recipient.

this case and the procedure for opting-in. Notably, the notice contains the names, addresses, and telephone numbers for attorneys on both sides, as well as the address of a web site maintained by Plaintiffs' counsel containing additional information about this case. As such, any Plaintiff, who received the notice in the original mailing, would be able to contact counsel or consult the website if there were unanswered questions. A second mailing would not further inform a putative plaintiff with regard to the lawsuit or whether the plaintiff should or should not opt in.

With regard to Plaintiffs' argument that prohibiting them from mailing the notice a second time would infringe their first amendment rights, the Court finds this argument unavailing. The Court's order does not implicate Plaintiffs' first amendment right to free speech but rather merely addresses the form, content, and frequency of the Court-approved notice, a function the Court is required to fulfill in a section 216(b) class action case. Further, the Court's Order is not a blanket restriction on the overall ability of Plaintiffs' counsel to communicate with potential opt-in plaintiffs.[6] Rather, the Order is merely a restriction on the time, place, and manner of communication, which in the context of a class action, is a lawful restriction and not an infringement of first amendment rights.[7]

---

[6] Whether Plaintiffs' counsel is permitted to directly contact a putative plaintiff is an ethical issue under the Rules Regulating the Florida Bar regarding communications with potential plaintiffs that may serve as an independent ground to restrict contact. However, this issue is not before the Court in view of the fact that Plaintiffs' counsel only has requested permission to mail the notice a second time.

[7] See, Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1207 n. 29 (11th Cir. 1985)(court order limiting communications with class members "was a lawful restriction on the time, place, and manner of communication").

3

Accordingly, for these reasons, Plaintiffs' Motion to Remail Section 216(B) Notice (Doc. 126) is due to be **DENIED**.[8]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on April 27, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel

---

[8] As previously discussed, this Order does not address the propriety of resending the notice to a putative plaintiff where the first mailing was returned as undeliverable or addressee unknown.