UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENT DUNWIDDIE, individually and on behalf of others similarly situated, GRANT LINCOLN, individually and on behalf of others similarly situated, EDWARD GOTOWALA, individually and on behalf of others similarly situated,,

Plaintiffs,

v.                                                                    Case No.  5:04-cv-315-Oc-10GRJ

CENTRAL LOCATING SERVICE, LTD., CORPORATION,

Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiffs' Revised Notice of Withdrawal of Consent to Join Forms (Doc. 208.)  Defendant filed an objection to Plaintiffs' Revised Notice of Withdrawal of Consent to Join Forms (Doc. 209) and Plaintiffs filed an opposition to Defendant's objection (Doc. 210.)  For the following reasons, Defendant's objection should be overruled and the Plaintiffs listed in the Revised Notice of Withdrawal of Consent to Join Forms (Doc. 208) should be dismissed without prejudice.

### I.  BACKGROUND

On July 8, 2004, the three named Plaintiffs filed the instant action under the Fair Labor Standards Act ("FLSA") alleging that Defendant failed to pay overtime compensation. (Doc. 1.)  Approximately 480 plaintiffs have opted into this lawsuit, 18 of

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

whom worked for Defendant in New York (hereinafter the "New York Plaintiffs"). The New York Plaintiffs have determined that the scope of their remedy for unpaid minimum wage and overtime is significantly greater under New York state law. Rather than asking this Court to exercise supplemental jurisdiction over their state law claims, the New York Plaintiffs are seeking leave to withdraw from this action so that they can join a recently filed class action in New York state court.[2] The New York Plaintiffs represent that they do not intend to pursue their FLSA claims in the New York class action.

## II. DISCUSSION

As an initial matter, Defendant argues that the New York Plaintiffs cannot move to withdraw from the case, but rather, must move to be voluntarily dismissed pursuant to Rule 41(a), Fed.R.Civ.P. The Court has not found (nor have the parties cited) any case or statute that discusses the appropriate procedural vehicle. However, regardless of whether the New York Plaintiffs seek withdrawal or voluntary dismissal, Defendant contends that their request should be denied.

For purposes of analysis, the Court will construe Plaintiffs' Revised Notice of Withdrawal of Consent to Join Forms (Doc. 208) as a Motion for Voluntary Dismissal Pursuant to Rule 41(a), Fed.R.Civ.P.[3] Because Defendant has already filed an answer and does not stipulate to Plaintiffs' motion, leave of court is required.[4] In most cases,

---

[2] On August 19, 2005, Lisaldo Tavares filed the New York State class action against Defendant. See Doc. 210, n.1.

[3] The Court need not await a motion from the New York Plaintiffs to permit voluntary dismissal and may act *sua sponte* to dismiss under Rule 41(a)(2). See Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 n.1 (11th Cir. 2001).

[4] Rule 41(a)(2), Fed.R.Civ.P.

voluntary dismissal should be granted unless the defendant will suffer "clear legal prejudice."[5] The Court "must exercise its broad discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case. . ."[6]

Here, Defendant has failed to identify clear legal prejudice. The case is in the early stages of litigation and the parties have not engaged in substantive discovery.[7] Moreover, Defendant will be required to defend the New York class action regardless of whether the New York Plaintiffs are permitted to withdraw.[8] Defendant argues that the New York Plaintiffs are acting in bad faith. However, the Court knows of no reason why the Plaintiffs cannot make a tactical decision to abandon their federal FLSA claims and pursue their state claims in the New York class action.[9] Accordingly, Defendant's objection should be overruled and the New York Plaintiffs should be dismissed without prejudice.

---

[5] Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

[6] McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).

[7] The parties have recently agreed on the sample group of Plaintiffs for discovery purposes. See Doc. 211. Accordingly, discovery which does not cut off until July 31, 2006, is in the early stages.

[8] The New York Plaintiffs represent that Mr. Tavares intends to pursue this case regardless of whether the Court grants the New York Plaintiff's request to withdraw from this case. See Doc. 210, n. 1.

[9] Cf. McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)(noting "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation.")

### III. **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that the Plaintiffs identified in Plaintiffs' Revised Notice Of Withdrawal Of Consent To Join Forms (Doc. 208) should be dismissed without prejudice.

**IN CHAMBERS** in Ocala, Florida, on October 17, 2005.

*[signature]*
GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of Record