UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENT DUNWIDDIE, individually and on behalf
of others similarly situated, GRANT LINCOLN,
individually and on behalf of others similarly
situated, EDWARD GOTOWALA, individually
and on behalf of others similarly situated,,

                Plaintiffs,

v.                                              Case No.  5:04-cv-315-Oc-10GRJ

CENTRAL LOCATING SERVICE, LTD.,
CORPORATION,

                Defendant.
_____

## AMENDED REPORT AND RECOMMENDATION[1]

On November 14, 2005, the Court issued its Report and Recommendation (Doc. 220), recommending that the Plaintiffs' Unopposed Motion To Dismiss The Claims Of The Washington Plaintiffs Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 218) be granted.[2]  Defendant filed an objection to the Report and Recommendation (Doc. 221) and Plaintiffs filed a memorandum in opposition to Defendant's objection.  (Doc. 222.)    Because Defendant's objections were based on developments that arose after the undersigned entered the initial Report and Recommendation, the District Judge re-referred Plaintiff's motion (Doc. 218) for further consideration.  Accordingly, the Court's previously issued Report and Recommendation

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] See Doc. 220.

(Doc. 220) is hereby **WITHDRAWN and VACATED** and is replaced by this Amended Report and Recommendation.

## I. BACKGROUND

On July 8, 2004, the three named Plaintiffs filed the instant action under the Fair Labor Standards Act ("FLSA") alleging that Defendant, Central Locating Service, LTD., Corporation (hereinafter "CLS") failed to pay overtime compensation. (Doc. 1.) Approximately 480 plaintiffs have opted into this lawsuit, 21 of whom worked for CLS in Washington State (hereinafter the "Washington Plaintiffs").  On October 28, 2005, the Washington Plaintiffs filed their motion seeking leave to dismiss their claims without prejudice so that they could join a class action filed in Washington state court by George Rodgers (hereinafter the "Rodgers class action").[3]  Defendant did not file a written response to Plaintiffs' motion.[4]

---

[3] See Doc. 218 & Exhibit 2.  This was the second action filed by Rodgers.  Rodgers initially filed an action in federal court in the Western District of Washington -- *Rodgers v. Central Locating Service*, 2:2005cv01278 (W.D. Wa. (Seattle)) (hereinafter "Rodgers I").  On August 9, 2005, the Washington Plaintiffs filed a motion to transfer their individual FLSA claims from the Middle District of Florida to the Western District of Washington.  See Doc. 198.  On August 26, 2005, CLS filed a motion to transfer Rodgers I to the Middle District of Florida.  Before these motion were ruled upon, Rodgers voluntarily dismissed Rodgers I without prejudice and the Washington Plaintiffs withdrew their motion to transfer their FLSA claims. (Doc. 212.)  Rodgers then filed the state law class action at issue here.

[4] Pursuant to Local Rule 3.01(g), Plaintiffs made the following representation:

Plaintiffs' counsel certify that they have conferred with Defendant's counsel regarding the relief requested herein and Defendant's counsel has authorized Plaintiffs' counsel to represent that based on Magistrate Judge Jones' ruling regarding the withdrawal of the claims of the New York Plaintiffs, Defendant opposes this Motion based on the grounds stated in Defendant's Objection to Plaintiffs' Revised Notice of Withdrawal of Consent to Join Forms, Docket #209, and hereby incorporates the same objections and arguments made therein. Defendant will not, however, be filing a separate response in opposition to this Motion. By not filing a separate response in opposition to the Washington Plaintiffs' motion for voluntary dismissal, Defendant preserves for appeal relative to the Washington Plaintiffs all arguments that it made in its objection to the withdrawal of the New York Plaintiffs' claims.

On November 14, 2005, the Court entered its initial Report and Recommendation (Doc. 220) recommending that the Washington Plaintiffs be dismissed without prejudice because Defendant had failed to identify clear legal prejudice.[5] Specifically, the Court found that the case was in the early stages of litigation and Defendant would be required to defend the Rodgers class action regardless of whether the Washington Plaintiffs were permitted to withdraw. Moreover, the Court noted that it knew of no reason why the Washington Plaintiffs could not make a tactical decision to abandon their federal FLSA claims and pursue their state claims in the Rodgers class action.

On November 17, 2005, three days after the Court entered its initial Report and Recommendation, CLS removed the Rodgers class action to federal court in the Western District of Washington.[6] On November 23, 2005, CLS filed a motion to transfer the Rodgers class action to the Middle District of Florida pursuant to the first-to-file rule[7] and Rodgers filed a motion to remand the Rodgers class action to state court. That same day, Defendant filed objections to the undersigned's Report and Recommendation arguing that the Court's reasons for recommending that the Washington Plaintiffs be permitted to voluntarily dismiss their claims were no longer

---

[5] See Doc. 220. The Court expressly incorporated by reference the reasoning in its previous Report and Recommendation regarding a group of Plaintiffs who sought leave to withdraw from this action so that they could join a class action filed in New York state court. See Docs. 215 & 220.

[6] See Doc. 221, Exhibit B.

[7] Defendant states that it would supplement its Objections by filing a copy of the motion to transfer as Exhibit "C" on Monday, November 28, 2005. See Doc. 221 n. 2. To date, no supplement has been filed.

valid or compelling because the Rodgers action had been removed to federal court.[8] Defendant requested that the Court deny Plaintiffs' motion, or in the alternative, stay Plaintiffs' motion pending the ruling by the Washington court on Defendant's motion to transfer the Rodgers class action.[9]

## II. **DISCUSSION**

Because Defendant already has filed an answer and does not stipulate to the Washington Plaintiffs' motion, the Washington Plaintiffs must obtain leave of court before they can voluntarily dismiss their claims.[10] In most cases, voluntary dismissal should be granted unless the defendant will suffer "clear legal prejudice."[11] The Court "must exercise its broad discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case. . ."[12] Here, even considering that the Rodgers class action has been removed to federal court, Defendant has failed to identify clear legal prejudice. Thus, Plaintiffs' Unopposed Motion To Dismiss The Claims Of The Washington Plaintiffs Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 218) should be granted.

---

[8] See Doc. 221, pages 6-7.

[9] See id., page 16.

[10] Rule 41(a)(2), Fed.R.Civ.P.

[11] Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

[12] McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).

As the Court explained in its initial Report and Recommendation, this case is still in the early stages of litigation.[13] While the parties have begun to exchange discovery in this case,[14] they have not engaged in any substantive discovery related to the Washington Plaintiffs.[15] Moreover, Defendant will be required to defend the Rodgers class action regardless of whether the Washington Plaintiffs are permitted to withdraw.[16] Finally, the Court is not aware of any reason why the Washington Plaintiffs cannot make a tactical decision to abandon their federal FLSA claims and pursue their state claims in the Rodgers class action.[17]

Nevertheless, Defendant argues that the Court's reasons for recommending that the Washington Plaintiffs be permitted to voluntarily dismiss their claims are no longer valid or compelling because the Rodgers action is now pending in federal court. According to Defendant, it may no longer be required to separately defend the Rodgers action because the first-to-file rule mandates that the Rodgers action be consolidated with the instant action in the Middle District of Florida and Defendant will be unfairly prejudiced if it has to defend these two cases in two separate forums.

---

[13] Discovery does not cutoff until July 31, 2006 and the case is set for jury trial during the February 2007 trial term. See Doc. 197.

[14] On September 2, 2005, the parties filed a Joint Stipulation To Sample Size Of Discovery Plaintiffs. (Doc.211.) The parties exchanged discovery on November 10, 2005. See Doc. 222, Declaration of Sam J. Smith, ¶6.

[15] See Doc. 221, page 16 ("the parties have agreed that discovery will not commence against the Washington Plaintiffs until such time as this matter is resolved.")

[16] The Washington Plaintiffs represent that Rodgers intends to pursue this case regardless of whether the Court grants the Washington Plaintiff's request to dismiss their claims. See Doc. 218, n. 1.

[17] Cf. McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)(noting "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation.")

However, that these actions ultimately might be consolidated pursuant to the first-to-file rule has no bearing on whether the Washington Plaintiff's should be permitted to voluntarily dismiss their claims.  Its relevance, if any, is to the motion to transfer pending before the Washington court.  This motion has not been resolved because before the Washington court can rule on CLS's motion to transfer, it must first resolve Rodgers' motion to remand.  In the event the Rodgers class action is remanded to state court then the first-to-file rule would not be applicable.  If, on the other hand, the Rodgers class action is not remanded, the Washington court would still have to determine whether the first-to-file rule should even be applied. Thus, there is a possibility that the first to file rule might not even have any impact on the status of the Rodgers case.

Defendant also argues that if the Court grants Plaintiffs' motion in this case and then the Washington Court transfers the Rodgers class action to this Court, the Washington Plaintiffs will be right back where they started.  While this scenario is one of many possible scenarios that is a risk that the Washington Plaintiffs have elected to take by voluntarily dismissing their claims in the instant action. It provides no basis, however, for denying or staying Plaintiffs' motion.

### III. **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' Motion To Dismiss The Claims Of The Washington Plaintiffs Without Prejudice Pursuant to

Federal Rule of Civil Procedure 41(a)(2) (Doc. 218) be **GRANTED**.[18]  The twenty-one Plaintiffs identified in Exhibit 1 to the Motion should be dismissed without prejudice.

  **IN CHAMBERS** in Ocala, Florida, on January 13, 2006.

_signature_<br>
GARY R. JONES<br>
United States Magistrate Judge

Copies to:
 The Honorable Wm. Terrell Hodges
 Senior United States District Judge

 Counsel of Record

---

[18] Because the Court found it unnecessary to obtain additional information in order to resolve Plaintiffs' motion, and in keeping with the Local Rules of this Court that do not permit reply briefs, Defendant's Motion For Leave Of Court To File A Reply To Washington Plaintiffs' Memorandum In Opposition To Defendant's Objections To Report and Recommendation (Doc. 223) is due to be **DENIED**.